IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02113-CNS-MEH

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS, and
MARTIN CARTER KEHOE,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendant.

---

# ORDER

---

Before the Court is Plaintiffs' Motion for a Temporary Restraining Order (TRO) and for Preliminary Injunction. (ECF No. 14). Defendant opposes the motion for preliminary injunction but does not contest the motion for a TRO. (*Id.*, p. 1). This Order only addresses the motion for a TRO; the motion for a preliminary injunction will be deferred until the Court conducts a hearing. As such, the Court GRANTS the motion for the TRO for the following reasons.

## I. FACTS

On August 2, 2022, the Board of County Commissioners of Boulder County adopted Ordinance No. 2022-5, which prohibits the sale and purchase of assault weapons, large capacity

magazines, and trigger activators.[1]  (ECF No. 1-1).  The Ordinance prohibits a person, corporation, or other entity in unincorporated Boulder County from manufacturing, importing, purchasing, selling, or transferring any assault weapon, large-capacity magazine, or rapid-fire trigger activator.  (*Id*., p. 6).  The Ordinance does not prohibit a person, corporation, or other entity from possessing an assault weapon, large-capacity magazine, or rapid-fire trigger activator.

On August 18, 2022, Plaintiffs (consisting of two nonprofit groups and Martin Kehoe) filed an Amended Complaint alleging that the Ordinance violates the Second and Fourteenth Amendments of the United States Constitution and seeking declaratory judgment and any other remedies available under 42 U.S.C. §§ 1983 and 1988.  (ECF No. 2, pp. 7-8).  Specifically, Plaintiffs challenge only the Ordinance's regulation of assault weapons and large-capacity magazines.  (ECF No. 14, pp. 2-3).

## II.  LEGAL STANDARD

To obtain a temporary restraining order, a plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."  *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).  The final two requirements (harm to the opposing party and the public interest) merge when the Government is the opposing party.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).  Because injunctive relief is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal.  *Schrier v. Univ.*

---

[1] Plaintiffs refuse to use the terms "assault weapon" and "large-capacity magazine" arguing that it is "politically charged rhetoric."  (ECF No. 14, p. 2).  Regardless, it is the law that is at issue and the Court will use the language and terminology that was used in the Ordinance.

*Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citation omitted).  The Tenth Circuit specifically disfavors injunctions that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits.  *Id*. at 1259.  The Tenth Circuit's definition of "probability of success" is liberal, especially where "the moving party has established that the three 'harm' factors tip decidedly in its favor."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).  The duration of a TRO issued without notice to the opposing party is limited to fourteen days unless extended for good cause or the adverse party agrees to an extension.  Fed. R. Civ. P. 65(b)(2).  Plaintiffs' motion falls into the third category of disfavored injunctions, however, this Court notes that Defendant does not oppose the motion for a TRO.

## III. ANALYSIS

The Court will first examine the "harm" factors before examining whether Plaintiffs have established a probability of success.  *See Otero Sav. & Loan Ass'n v. Fed. Rsrv. Bank of Kansas City, Mo.*, 665 F.2d 275, 278 (10th Cir. 1981).

1. Irreparable Harm

This factor requires the Court to ask whether irreparable injury will befall the movants without an injunction.  The Tenth Circuit has noted that the infringement of a constitutional right is enough to satisfy this factor and requires no further showing of irreparable injury.  *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 805 (10th Cir. 2019).  Here, Plaintiffs allege that their Second and Fourteenth Amendment rights will be violated by the Ordinance and therefore satisfy this factor.

2. Balance of Harms and Public Interest

The next two factors collapse into one because the Government is the opposing party. This analysis requires the Court to balance the irreparable harms identified above against the harm that the preliminary injunction causes to Defendant. "When a constitutional right hangs in the balance, though, even a temporary loss usually trumps any harm to the defendant." *Free the Nipple*, 916 F.3d at 806 (citation omitted). Moreover, it is "always in the public interest to prevent the violation of a party's constitutional rights." *Id.* at 807. Because Plaintiffs challenge parts of an allegedly unconstitutional ordinance, the Court finds that the analysis tips in favor of granting Plaintiffs' motion.

3. Substantial Likelihood of Prevailing on the Merits

Because Plaintiffs have established that the harm factors tip decidedly in their favor, the Court's analysis of this fact is "somewhat relaxed." *Heideman*, 348 F.3d at 1189. "The movant need only show questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." *Resol. Tr. Corp. v. Cruce*, 972 F.2d 1195, 1199 (10th Cir. 1992) (internal quotations and citation omitted). Plaintiffs are challenging the constitutionality of Defendant's regulation of assault weapons and large-capacity magazines. The Supreme Court has recently ruled that individuals have a constitutional right to carry a handgun for self-defense outside the home and New York's licensing regime for public-carry licenses impermissibly interfered with that right. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022); *but see id.* at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed

anything that we said in *Heller* or *McDonald v. Chicago* . . . about restrictions that may be imposed on the possession or carrying of guns."). On this admittedly limited record and with a liberal analysis of this factor, the Court finds that Plaintiffs establish a substantial likelihood of success on the merits.

## IV. CONCLUSION

Accordingly, it is ORDERED that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 14, is GRANTED IN PART and DEFERRED IN PART.

It is FURTHER ORDERED that the Motion for Temporary Restraining Order is GRANTED as to Ordinance No. 2022-5 regarding assault weapons and large-capacity magazines and Defendant is hereby RESTRAINED from enforcing it as to these categories. Defendant is not restrained from enforcing Ordinance No. 2022-5 as to rapid-fire trigger activators. The security under Rule 65(c) is not required in this case.

The Motion for Preliminary Injunction is DEFERRED, and a hearing will be set after the Court conducts a status conference.

It is FURTHER ORDERED that the parties shall appear for a **status conference** on this matter on **September 8, 2022, at 9:00 a.m.** in Courtroom C204 before Judge Charlotte N. Sweeney at the Byron G. Rogers United States Courthouse.

It is FURTHER ORDERED that under Rule 65(b)(4), the restrained Defendant may apply to this Court to dissolve or modify this Order on two (2) days' notice, or such shorter notice as this Court may allow, but no such application shall serve to suspend this Temporary Restraining Order once effective or stay its terms unless otherwise ordered by this Court.

Finally, it is FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days from its effective date unless it is otherwise modified by the Court. If Plaintiffs seek to extend the Temporary Restraining Order or if Defendant consents to an extension of this Temporary Restraining Order, they shall notify the Court as soon as possible. *See* Fed. R. Civ. P. 65(b)(2).

DATED this day 30th of August 2022.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge