IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02113-CNS-MEH

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendant.

## ORDER

Before the Court is the parties' Joint Motion to Vacate and Reset Deadlines to Respond to Complaint and Deadlines Regarding Motion for Preliminary Injunction. (ECF No. 22). The Court GRANTS IN PART and DENIES IN PART the motion for the following reasons.

The parties, along with other municipalities, filed a motion for consolidation of related cases in a matter pending before Judge Raymond Moore. On September 16, 2022, Judge Moore denied the motion for consolidation, vacated the current response and briefing schedule in the "related" case, and ordered the parties to submit a briefing schedule by October 17, 2022. (1:22-cv-01685, ECF No. 48). In the instant motion, the parties note that they have a mutual desire to coordinate briefing schedules and preliminary injunction hearings. The parties move to stay the deadlines of the briefing schedule for the motion for preliminary injunction in this case to allow

1

the parties time to coordinate resources for obtaining experts and confer about coordinating briefing schedules.

However, the parties then state "[it is] the position of Boulder County and the defendants in the related cases that evidence from the hearings in the Superior case, Louisville case, or City of Boulder Case may heavily inform the issues in the Boulder County case." (ECF No. 22, p. 2). Logically, if all cases had coordinated briefing schedules and preliminary injunction hearings, Boulder County would not be able to avail itself of the information and evidence produced in the preliminary injunction hearings of the related cases. The Court does not find that there is good cause to stay the deadlines of the briefing schedule for the motion for preliminary injunction and DENIES the request.

That being said, Defendant states that it needs additional time to prepare its response to the motion for preliminary injunction and Plaintiffs do not object. The Court does find that good cause exists to vacate the current briefing schedule for the motion for preliminary injunction and GRANTS the parties' joint motion to vacate and reset the deadlines. (ECF No. 22). The Status Conference set for October 27, 2022, and the Preliminary Injunction Hearing set for November 8, 2022, are VACATED.

It is FURTHER ORDERED that this case is set for a Preliminary Injunction Hearing on **February 13, 2023, at 9:00 a.m.** The parties shall comply with all requirements for evidentiary hearings in Judge Sweeney's Civil Practice Standards.

It is FURTHER ORDERED that the parties shall appear for a Status Conference to discuss the length of the preliminary injunction hearing, exhibits, witnesses, and any other issues on

**February 2, 2023, at 8:30 a.m.** in Courtroom C204 before Judge Sweeney at the Byron G. Rogers United States Courthouse.

It is FURTHER ORDERED that Defendant shall respond to the Motion for Preliminary Injunction on or by December 15, 2022, Plaintiffs shall reply on or by January 15, 2023, and Defendant may file a sur-reply on or by February 6, 2023.

It is FURTHER ORDERED that the Temporary Restraining Order will remain in effect until the Court rules on the Motion for Preliminary Injunction. (ECF No. 15).

It is FURTHER ORDERED that Defendant SHALL respond to the Complaint fourteen (14) days after the Court rules on Plaintiffs' Motion for Preliminary Injunction.

DATED this 21st day of September 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge