## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-02113-CNS-MEH**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS, and
MARTIN CARTER KEHOE,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendant.

---

### FIRST AMENDED COMPLAINT
---

Plaintiffs submit the following First Amended Complaint against Board of County Commissioners of Boulder County (the "County").

## I. PARTIES

1.    Plaintiff RMGO is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). RMGO seeks to defend the right of all law-abiding individuals to keep and bear arms. RMGO has members who reside within the County. RMGO represents the interests of its members who reside in the County. Specifically, RMGO represents the interests of those who are affected by the County's prohibition of commonly used firearms and magazines. In addition to their standing as citizens and taxpayers, those members' interests include their wish to exercise their constitutionally protected right to keep and bear arms without being subjected to criminal prosecution and to continue to lawfully acquire and/or transfer property that they lawfully obtained. But for the County's unlawful

1

prohibition of commonly used arms and their reasonable fear of prosecution for violating these prohibitions, RMGO members would seek to acquire and/or transfer lawful arms for self-defense and other lawful purposes. For purposes of this Complaint, the term "Plaintiffs" is meant to include RMGO in its capacity as a representative of its members.

2.      Plaintiff NAGR is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). NAGR seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has members who reside within the County. NAGR represents the interests of its members who reside in the County. Specifically, NAGR represents the interests of those who are affected by the County's prohibition of commonly used firearms and magazines. In addition to their standing as citizens and taxpayers, those members' interests include their wish to exercise their constitutionally protected right to keep and bear arms without being subjected to criminal prosecution and to continue to lawfully acquire and/or transfer property that they lawfully obtained. But for the County's unlawful prohibition of commonly used arms and their reasonable fear of prosecution for violating these prohibitions, NAGR members would seek to acquire and/or transfer lawful arms for self-defense and other lawful purposes. For purposes of this Complaint, the term "Plaintiffs" is meant to include NAGR in its capacity as a representative of its members.

3.      Plaintiffs Martin Carter Kehoe is a resident of the County and is a law-abiding citizen of the United States. He currently owns certain semi-automatic firearms that are putatively made illegal by the Ordinance (defined below), and he currently owns magazines capable of holding more than 10 rounds of ammunition. He seeks to acquire additional arms putatively made illegal by the Ordinance and lawfully transfer his property to others. But for the County's restrictions on commonly used arms, and his reasonable fear of criminal prosecution for

2

violating these restrictions, he would like to acquire additional arms and/or transfer currently owned arms to others.

4.     The County, a subdivision of the State of Colorado, is a body corporate and politic in the State of Colorado empowered to sue and be sued.  Its address is 1325 Pearl Street, Boulder, Colorado 80302.

5.     Defendant is or will enforce the unconstitutional provisions of the Ordinance against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

### III.  JURISDICTION AND VENUE

6.     The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States.  The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

7.     Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

8.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV.  GENERAL ALLEGATIONS

9.     The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed."  U.S. CONST. amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008) ("*Heller*"); *McDonald v. County of Chicago*, 561 U.S. 742 (2010)

("*McDonald*"); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 2022 WL 2251305 (U.S. June 23, 2022) ("*Bruen*").

10.    The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment.  *McDonald, supra*.

11.    This action challenges the constitutionality of certain provisions of the County's Ordinance No. 2022-5 (the "Ordinance").  A copy of the Ordinance is attached hereto as Exhibit A.  The Ordinance was effective on August 2, 2022.

12.    Section 1(a) of the Ordinance defines the terms "assault weapon."

13.    The term "assault weapon" as used in the Ordinance is not a technical term used in the firearms industry or community for firearms commonly available to civilians.  Instead, the term is a rhetorically charged political term meant to stir the emotions of the public against those persons who choose to exercise their constitutional right to possess certain semi-automatic firearms that are commonly owned by millions of law-abiding American citizens for lawful purposes.  Plaintiffs refuse to adopt the County's politically charged rhetoric in this Complaint. Therefore, for purposes of this Complaint, the term "Banned Firearm" shall have the same meaning as the term "assault weapon" in Section 1(a) of the Ordinance.

14.    Section 2(a) of the Ordinance makes it illegal to manufacture, import, purchase, sell or transfer any Banned Firearm in unincorporated part of the County.

15.    Plaintiffs and/or their members desire to acquire more Banned Firearms, transfer their currently owned Banned Firearms to other persons in the County, and bequeath their Banned Firearms to their devisees, all of which are prohibited by the Ordinance.

16.    The Second Amendment protects the right of law-abiding citizens to own weapons in common use by law-abiding citizens for lawful purposes.  *Heller*, *supra*, at 627.  This issue was

addressed with respect to semi-automatic weapons such as the Banned Firearms made illegal in the Ordinance *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017), abrogated by *Bruen*, *supra*.  In his dissent (which, after *Bruen*, likely represents the correct interpretation of the law), Judge Traxler stated:

> It is beyond any reasonable dispute from the record before us that a statistically significant number of American citizens possess semiautomatic rifles (and magazines holding more than 10 rounds) for lawful purposes.  Between 1990 and 2012, more than 8 million AR- and AK- platform semiautomatic rifles alone were manufactured in or imported into the United States.  In 2012, semiautomatic sporting rifles accounted for twenty percent of all retail firearms sales.  In fact, in 2012, the number of AR- and AK- style weapons manufactured and imported into the United States was more than double the number of the most commonly sold vehicle in the U.S., the Ford F-150.  In terms of absolute numbers, these statistics lead to the unavoidable conclusion that popular semiautomatic rifles such as the AR-15 are commonly possessed by American citizens for lawful purposes within the meaning of *Heller*.

*Id.*, 849 F.3d at 153, Traxler, J. dissenting (internal citations and quotation marks omitted).

17.     Millions of law-abiding citizens own and use for lawful purposes semi-automatic firearms such as the Banned Firearms.  The Ordinance's prohibition on the acquisition or transfer of the Banned Firearms violates the Second Amendment

18.     Section 1(c) of the Ordinance defines the term "large-capacity magazine" to mean any firearm magazine capable of holding more than ten rounds of ammunition.

19.     The Ordinance again uses politically charged rhetoric to describe the arms it bans.  The Ordinance's characterization of these magazines as "large capacity" is a misnomer.  Magazines capable of holding more than 10 rounds are standard capacity magazines.  Plaintiffs refuse to adopt the County's politically charged rhetoric in this Complaint.  Therefore, for purposes of this Complaint, the term "Banned Magazine" shall have the same meaning as the term "large-capacity magazine" in section 1(c) of the Ordinance.

20.     Section 2(a) of the Ordinance makes it illegal to manufacture, import, purchase, sell or transfer any Banned Magazine in unincorporated part of the County.

21.     In his dissent in *Kolbe v. Hogan*, Judge Traxler also addressed magazines such as the Banned Magazines.  He stated:

> The record also shows unequivocally that magazines with a capacity of greater than 10 rounds are commonly kept by American citizens, as there are more than 75 million such magazines owned by them in the United States.  These magazines are so common that they are standard on many firearms: On a nationwide basis most pistols are manufactured with magazines holding ten to 17 rounds.  Even more than 20 years ago, fully 18 percent of all firearms owned by civilians were equipped with magazines holding more than ten rounds."

*Id.*, 849 F.3d at 154, Traxler, J. dissenting (internal citations and quotation marks omitted).

22.     Law-abiding citizens own literally tens of millions of Banned Magazines.  The Ordinance's prohibition on the acquisition, sale or other transfer of the Banned Magazines violates the Second Amendment.

23.     On July 22, 2022, this Court entered an order in *Rocky Mountain Gun Owners v. The Town of Superior*, Case No. 22-cv-1685, in which it restrained enforcement of certain provisions of a Town of Superior, Colorado ordinance (the "Superior Order").

24.     In the Superior Order, this Court held there was a strong likely that the plaintiffs in that case would prevail on the merits of their constitutional challenge to the Superior ordinance provisions banning so-called assault weapons and large capacity magazines.  Those restrained ordinance provisions are similar to the ordinance provisions challenged in this action.

25.     There is an actual and present controversy between the parties.  The Ordinance infringes on Plaintiffs' right to keep and bear arms under the Second Amendment by generally prohibiting the acquisition and transfer of arms that are commonly possessed by millions of Americans for lawful purposes.  Defendant denies these contentions.  Plaintiffs desire a judicial

declaration that the Ordinance sections identified above, facially and/or as applied to them, violate their constitutional rights.  Plaintiffs should not be forced to choose between risking criminal prosecution and exercising their constitutional rights.  This is true even if certain provisions of the Ordinance provide affirmative defenses to criminal prosecution.  The risk of criminal prosecution on account of exercising a constitutionally protected right unlawfully chills the exercise of that right and thus violates the Constitution even if the criminal defendant ultimately prevails.

26.     Plaintiffs are or will be injured by Defendant's enforcement of the Ordinance sections identified above insofar as those provisions violate Plaintiffs' rights under the Second Amendment by precluding the acquisition, transfer and use of arms that are "typically possessed by law-abiding citizens for lawful purposes" nationwide.  If not enjoined by this Court, Defendant will enforce the Ordinance in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law.  Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to Defendant's present or contemplated enforcement of these provisions.

**V. FIRST CLAIM FOR RELIEF**
**Right to Keep and Bear Arms**
**U.S. Const., amends. II and XIV**

27.     Paragraphs 1-26 are realleged and incorporated by reference.

28.     The Ordinance's definitions of "assault weapon" and "large capacity magazine" include many firearms and firearms magazines that are "typically possessed by law-abiding citizens for lawful purposes" nationwide.  The Ordinance, therefore, generally prohibits residents of the

County, including Plaintiffs, from acquiring and/or transferring arms protected by the Second

Amendment.  There are significant penalties for violations of the Ordinance.

29.     These restrictions infringe on the right of the people of the County, including Plaintiffs,

to keep and bear arms as guaranteed by the Second Amendment and made applicable to

Colorado and its political subdivisions by the Fourteenth Amendment.

30.     The Ordinance's prohibitions extend into Plaintiffs' homes, where Second Amendment

protections are at their zenith.

31.     Defendant cannot satisfy its burden of justifying these restrictions on the Second

Amendment right of the People, including Plaintiffs, to acquire, transfer, and use arms that are

in common use by law-abiding adults throughout the United States for the core right of self-

defense in the home and other lawful purposes.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

32.     Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Ordinance sections

identified herein are unconstitutional on their face or as applied to the extent their prohibitions

apply to law-abiding adults seeking to acquire, use, or transfer arms that are in common use by

the American public for lawful purposes;

33.     Enter preliminary and permanent injunctive relief enjoining Defendant and its officers,

agents, and employees from enforcing the unconstitutional Ordinance sections identified above;

34.     Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees,

costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

35.     Award compensatory or nominal damages; and

36.     Grant any such other and further relief as the Court may deem proper.

8

Respectfully submitted this 22nd day of September 2022.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
3801 East Florida Avenue, Suite 830
Denver, Colorado 80210
Voice:  (303) 205-7870; Fax:  (303) 463-0410
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email counsel of record:

*/s/ Barry K. Arrington*
_____
Barry K. Arrington